[American Surety Co. of N. Y. v. U. S. for the use of Barrett & Co.]

# American Surety Co. of New York *v.* United States for the use of Barret & Co.

## *Action upon a Bond.*

1. *Bond for construction of a United States building; no breach by failure of contractor to pay for material furnished to sub-contractor.*—Where one contracts with the United States for the construction of a public building and enters into a bond in pursuance of the requirements of the Act of Congress, (28 United States Statutes at Large, p. 278), which is conditioned upon the contractor promptly paying all persons supplying him "labor or material in the prosecution of the work contemplated by said contract," there is no breach of said bond by reason of the contractor failing to pay for material which was furnished to a sub-contractor who had agreed with the original contractor to do a certain part of the work and furnish all of the material; and upon the failure of the original contractor to pay such demand, the surety on said bond is not liable therefor.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought in the name of the United States for the use and benefit of Benjamin T. Barrett, doing business under the name of Barrett & Co., against the American Surety Company, to recover $303.95 and interest for material furnished by Barrett & Co., and which were used in the erection and construction of a postoffice building at Meridian, Mississippi, which building B. F. Stowell & Co. contracted to erect, and the American Surety Company was surety upon the bond executed by said Stowell & Co., in pursuance of the act of Congress. The stipulations in this bond, which was executed by the American Surety Company and the other facts relating thereto are shown in the opinion.

It was averred in the complaint and shown by the testimony, that the plaintiff furnished the material for the value of which this suit was brought, to one J. D. McCloud; that said McCloud was a sub-contractor under B. F. Stowell & Co., and as said sub-contractor agreed to do the plastering in said building and to furnish all the materials required to complete such work.

Upon the introduction of all the evidence the court at the request of the plaintiff gave the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error, among other rulings of the trial court, the giving of the general affirmative charge requested by the plantiff, and the refusal to give the general affirmative charge requested by the defendant.

B. B. BOONE, for appellant, cited *Rising v. Andrews,* 50 Amer. St. Rep. 79; *Salem v. McClintock,* 59 Amer. St. Rep. 333; *Fink v. Bank,* 56 Amer. St. Rep. 752.

JOHN E. MITCHELL, *contra,* cited 1 Beach on Contracts, § 711; 1 Brick. Dig., "Bonds," p. 309; *Cen. Trust Co. v. Wabash R. Co.,* 22 Fed. Rep. 546.

TYSON, J.—This action is brought against the appellant, who is a surety upon a bond executed in pursuance to the provisions of the act of Congress, approved August 13, 1894 (28 U. S. Statutes at Large, p. 278). That act provides: "That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work * * * shall be required before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly

make payments to all persons supplying *him* or *them* labor and *materials* in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the department under the direction of which said work is being, or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of such contract and bond, and upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties," etc.

The contract, for which the bond in suit was executed as an indemnity, was entered into by F. B. Stowell & Company and the United States of America under which the former was to construct for the latter a post-office building in Meridian, Miss. Omitting all the language of the conditions of the bond except that which has a direct bearing upon the question here involved, we find it reads thus: "That whereas F. B. Stowell & Company have entered into a contract, etc. * * * Now, if the said F. B. Stowell & Company * * * shall promptly make payments to all persons supplying them labor or materials in the prosecution of the work contemplated by said contract, then this obligation to be void; otherwise to remain in full force and virtue," substantially a literal copy of the language of the act of Congress above quoted providing what the obligation of such bonds shall be. It is obvious that the only obligation assumed by the surety is to pay those persons such amounts as may be due them on account of labor performed or materials furnished to his principal, in the event his principal makes default; that the surety is not liable for materials furnished for which his principal is not liable. There is no pretense in this case that the plaintiff furnished any materials to Stowell & Company or that the sub-contractor to whom plaintiff sold his goods

had any authority to bind them. For that matter, it is not insisted that the sub-contractor purchased them as the agent of Stowell & Company. In truth they were purchased by him on his own account, and they were sold to him on his own account. This being true the defendant, appellant here, is not liable. To sustain the contention of appellee would be to impose upon Stowell & Company and this appellant as their surety a liability they never contracted for—a personal liability for goods sold to a third party for which they were in no wise responsible.

The rulings of the circuit court not being in accord with these views, the judgment must be reversed and the cause remanded.